IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE JAMES BROWN,

Petitioner,

v.

SHARON BLACKETTER,

Respondent.

CV. 08-204-HU

FINDINGS AND RECOMMENDATION

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

John R. Kroger
Attorney General
Summer R. Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

Attorneys for Respondent

HUBEL, Magistrate Judge

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

U.S.C. § 2254. For the reasons set forth below, the petition should be denied, and this proceeding dismissed, with prejudice.

**BACKGROUND**

On January 3, 2002, petitioner was indicted on charges that he kidnaped Kathy Brand and David Jensen; attempted to kidnap Kimberly Aderton; committed burglaries at two separate residences; and stole Jensen's truck. Additionally, petitioner was charged with multiple counts of menacing and unlawful use of a weapon.

Prior to trial, defense counsel moved for a mistrial on the basis that some members of the jury pool may have seen petitioner being escorted in chains and handcuffs during a court recess from voir dire. The following exchange ensued between defense counsel and the court:

> MR. SUGARMAN: Your Honor, I guess we are on the record. I should bring to the Court's attention, the deputy reports that some jurors may have seen Mr. Brown being escorted in chains and handcuffs, and I think I - it's my responsibility to ask for - at least for the purposes of the record, to ask that we declare a mistrial and start this again.
>
> THE COURT: Was there anything other than the leg chains and handcuffs that - was he being subjected to any derision or discourtesy by the officer? Do you have any reason to think that?
>
> MR SUGARMAN: I have no reason to think that, Your Honor.
>
> THE COURT: Then I'm going to deny the motion for mistrial.

Tr. at 20-21.

A three-day jury trial immediately followed jury selection. Kathy Brand and David Jensen testified that on May 28, 2001, petitioner forced them from their residence to the home of Bryce Lautenschlager's mother. According to Brand, petitioner entered her residence with a knife, gagged her, tied her wrists, and put a knife to her throat.[1] Tr. at 96-100. Brand testified that petitioner forced Jensen and her to take petitioner to the home of Bryce Lautenschlager's mother, where petitioner's estranged girlfriend, Kim Aderton, was staying.[2] Tr. 107-13.

Aderton and Lautenschlager testified to the events that occurred at Lautenschlager's mother's residence. Aderton and Lautenschlager testified that petitioner forced his way into the house, threaten Lautenschlager with a knife, and attempted to make Aderton leave with him. Tr. at 47-50, 79-83. When he was unsuccessful, he left in Jensen's truck and was later apprehended by police. Tr. 114.

It is undisputed that all of the alleged victims and petitioner were drug users, and had been abusing crack cocaine on or about May 27, 2001. Tr. at 63-65, 84, 93, 125-30. A criminalist and several police officers offered testimony for the

---

[1] Brand also accused petitioner of raping her, but later retracted that accusation. Tr. at 57, 100-01, & 121-23.

[2] Due to a recording error, Brand's testimony was not recorded. See Tr. at 71-74.

prosecution concerning their investigation, the physical evidence which corroborated some of the witnesses' testimony concerning the incident, and the measures necessary to apprehend petitioner.[3]

In his defense, petitioner testified that he had been invited to stay the night at Brand and Jensen's residence; that Brand and Jensen voluntarily went to Lautenschlager's mother's house; that he carried a knife to protect himself from Lautenschlager; that he took a leatherman tool, not a knife into the Lautenschlager residence; that an injury prevents him from clenching his left hand; and that Brand, Jensen, Lautenschlager, and Aderton all perjured themselves because they are drug addicts. Tr. at 205-38, 261-62, 278 & 281-84.

At the conclusion of trial, petitioner was convicted of burglary in the first degree (Lautenschlager's mother's home), two counts of kidnaping in the second degree (Brand and Jensen), assault in the second degree (Brand), two counts of unlawful use of a weapon (a knife against Brand and Lautenschlager), and two counts of menacing (Brand and Lautenschlager). Resp. Exh. 113. Petitioner was sentenced to 210 months imprisonment.

///

///

---

[3] At the conclusion of the state's case, the trial judge granted petitioner's motions for judgment of acquittal on the two first-degree kidnaping charges and reduced those charges to second-degree kidnaping. Tr. at 170-71.

Petitioner filed a direct appeal challenging the trial judge's denial of his motion for mistrial. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Brown, 195 Or. App. 415, 99 P.3d 1239, rev. denied, 337 Or. 657 (2004). Petitioner sought state post-conviction relief, alleging that he received ineffective assistance of counsel. The post-conviction court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Brown v. Blacketter, 215 Or. App. 359, 168 P.3d 1263, rev. denied, 343 Or. 690 (2007).

In the instant proceeding, petitioner raises four grounds for relief: (1) due process violation as a result of jurors seeing him shackled; (2) ineffective assistance of counsel (IAC) due to trial counsel's failure to investigate; (3) IAC due to trial counsel's failure to move the court for a lesser included offense instruction; and (4) IAC due to trial counsel's failure to object to consecutive sentencing.

## DISCUSSION

### I. Claims Two through Four (Ineffective Assistance of Counsel).

Respondent moves to deny habeas corpus relief on grounds two through four on the basis that petitioner failed to address these claims in his supporting memorandum, and because the state court's rejection of these claims is entitled to deference.

This court repeatedly has rejected respondent's assertion that a petitioner waives his claims by not addressing them in his supporting memorandum. See Elkins v. Belleque, 2008 WL 5046386 *2 (D.Or. 2008); Buffa v. Belleque, 2009 WL 3698106 *3 (D.Or. 2009); Reigard v. Hall, 2009 WL 3518029 *4 (D.Or. 2009); Walton v. Hill, 2009 WL 2829260 *22-23 (D.Or. 2009); Solano v. Belleque, 2009 WL 2246213 *3 (D.Or. 2009); Spillino v. Belleque, 2009 WL 585929 *3 (D.Or. 2009). Accordingly, I reject the same assertion here.

However, based upon my independent review of the record,[4] including the trial transcript, trial counsel's affidavit, and the post-conviction hearing transcript, I conclude that petitioner has failed to demonstrate that the state court's rejection of his IAC claims is contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668, 687-88 (1987). See 28 U.S.C. § 2254(d); see also Lambert v. Blodgett, 393 F.3d 943, 970 n. 16 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005) (petitioner bears burden of proving his case). Accordingly, habeas relief is not warranted as to grounds for relief two through four.

**II. Claim One (Shackling).**

Petitioner alleges that his due process rights were violated by the trial court's denial of his motion for mistrial after

---

[4] See Richter v. Hickman, 578 F.3d 944, 951 (9th Cir. 2009), petition for cert. filed (Nov. 9, 2009) (habeas court conducts independent review of the record when no state court has explained its reasoning on a particular claim).

members of the venire potentially saw him in leg shackles and handcuffs. Petitioner contends that habeas relief is warranted because the state appellate courts' rejection of his due process claim "was an unreasonable application of *Estelle v. Williams*, 425 U.S. 501, 503 (1976), as well as *Holbrook v. Flynn*, 475 U.S. 560, 569 (1986), and *Illinois v. Allen*, 397 U.S. 337, 345 (1970)." Petitioner's Reply at 5. Respondent moves to deny habeas relief on the basis that this claim is procedurally defaulted, and because the state courts' rejection of it is entitled to deference.

**A. Procedural Default.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Jackson v. Roe, 425 F.3d 654, 657-58 (9th Cir. 2005); 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Respondent argues that petitioner procedurally defaulted his available state remedies by failing to federalize his shackling claim in his petition for review to the Oregon Supreme Court. Respondent submits that petitioner argued only that the trial

court's denial of his motion for mistrial was an abuse of discretion on state law grounds. A review of the state record reveals otherwise.

In his petition for review to the Oregon Court of Appeals, petitioner expressly adopted the arguments made in his appellant's brief to the Oregon Court of Appeals. Resp. Exh. 106 at 3. In his appellant's brief, petitioner relied upon the Fifth and Fourteenth Amendments to the U.S. Constitution. Resp. Exh. 104 at 8. Because state law permits incorporation by reference, I reject respondent's assertion that petitioner procedurally defaulted his available state remedies. See Farmer v. Baldwin, 346 Or. 67, 73-74, 205 P.3d 871 (2009) (petition for review may incorporate by reference arguments raised in court of appeal's brief).

**B. The Merits.**

**1. Standards.**

A petition for writ of habeas corpus, filed by a state prisoner, shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law"; or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

A state-court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Bell v. Cone, 535 U.S. 685, 694 (2002). A state court unreasonably applies clearly established federal law when it is correctly identified, but applied in an objectively unreasonable manner to the facts of the case. Lockyer, 538 U.S. at 75-76; Bell, 535 U.S. at 694. If the state court reaches the merits without providing reasoning for this court to review, this court independently reviews the record to determine whether the state court clearly erred in its application of Supreme Court law. Richter, 578 F.3d at 951; Larson v. Palmateer, 515 F.3d 1057, 1062 (9th Cir.), cert. denied, 129 S.Ct. 171 (2008).

**2. Analysis.**

The Supreme Court has held that the Fifth and Fourteenth Amendments prohibit the use of visible shackles in the courtroom, during the guilt and penalty phases of a criminal trial, absent the trial court's determination that they are justified by an essential state interest specific to the defendant on trial. Deck v. Missouri, 544 U.S. 622, 626 & 629 (2005); see also Larson, 515 F.3d at 1062-63 (applying the rule announced in Deck). In so holding, the Court explained that "[j]udicial hostility to shackling" is

premised upon three fundamental legal principles: (1) the presumption of innocence; (2) the right to counsel; and (3) maintaining the dignity of the judicial process. Deck, 544 U.S. at 630.

The state court's rejection of petitioner's due process claim is not *contrary to* the holding in Deck because petitioner has not alleged or proven that he was visibly restrained during trial proceedings in the courtroom. See Deck, 544 U.S. at 629 (defendant shackled with leg irons, handcuffs, and a belly chain during penalty phase of capital proceedings). Hence, the facts involved in this case are materially distinguishable from those involved in Deck.

Further, contrary to petitioner's assertion, the state court did not *unreasonably apply* clearly established federal law to the facts of this case. Petitioner failed to demonstrate that any member of the venire saw petitioner in shackles;[5] that the venire members who possibly saw petitioner restrained were seated as jurors; or that those jurors had more than an inadvertent glimpse of petitioner in restraints *outside of the courtroom*. In light of these facts, the state court's rejection of petitioner's due

[5] In this regard, I reject petitioner's assertion that the trial judge implicitly found that jurors had indeed seen petitioner in shackles and handcuffs. See Petitioner's Reply at 5. Rather, the trial judge simply held that whether or not venire members saw petitioner restrained, it did not warrant a mistrial.

process claim, was not an objectively unreasonable application of Deck or any other clearly established federal law. See Estelle v. Williams, 425 U.S. 501, 512-13 (1976) (due process prohibits state from compelling defendant to appear for trial in prison clothes); Holbrook v. Flynn, 475 U.S. 560, 568-69 (1986) (unlike shackling, deployment of security personnel during trial is not inherently prejudicial); Illinois v. Allen, 397 U.S. 337, 344 (1970) (to prevent Confrontation Clause violation, trial court may bind and gag obstreperous defendant, but only as a last resort).[6]

Finally, even if it is assumed that the jurors' observation of petitioner violated due process, petitioner has failed to demonstrate that this was more than harmless error. See Larson, 515 F.3d at 1064 (habeas court must access whether shackling had substantial and injurious effect or influence in determining the jury's verdict) (applying Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)). In order to determine whether the use of physical restraints was harmless, this court considers the appearance and visibility of the restraining device, the nature of the crime with which the defendant was charged, and the strength of the state's evidence against the defendant. Larson, 515 F.3d at 1064.

---

[6] The state court's rejection of petitioner's due process claim is consistent with circuit precedent holding that a jury's brief, inadvertent observation of a defendant in restraints outside of the courtroom does not give rise to a due process violation. See Ghent v. Woodford, 279 F.3d 1121, 1132-33 (9th Cir. 2002).

With regard to the first factor, the court again notes that petitioner offers no evidence that any jurors in fact saw him in restraints. Even if it is assumed that one or more jurors did see him in shackles and handcuffs, a brief observation of petitioner in restraints during transport did not undermine the presumption of innocence given the serious nature of the charges against him. Indeed, after seeing petitioner restrained in the hallway, and then noting the absence of any restraints in the courtroom, a juror would likely conclude that petitioner "was not a dangerous individual in need of constant restraint." See Larson, 515 F.3d at 1064.

Further, given the cumulative strength of the witnesses' testimony concerning the events of May 28, 2001, and the physical evidence, any juror's brief observation of petitioner in restraints in the hallway did not have a substantial and injurious effect on the verdict. Accordingly, any constitutional error was harmless and habeas relief is not warranted.

**CONCLUSION**

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) should be denied, and this proceeding dismissed, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. § 2253(c)(2).

///

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 15, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due December 29, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this _30th___ day of November, 2009.

/s/ Dennis J. Hubel

________________________________
Dennis J. Hubel
United States Magistrate Judge